# UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Civil No. 1:19-cv-01293-STA-jay |
| ) | |
| NICKOLAS DUNCAN, ) | |
| ) | |
| Respondent. ) | |

## ORDER

On December 18, 2019, the United States of America filed a Petition to Enforce Internal Revenue Service Summons against respondent Nickolas Duncan (ECF No. 1).  On January 2, 2020, the Court ordered Respondent to show cause as to why the Court should not grant the government's petition and set a show cause hearing for February 21, 2020 (ECF No. 5).  The Court subsequently granted the government's motion to continue the hearing and reset it for May 19, 2020 (ECF No. 7).  On April 7, 2020, the United States filed proof of service (ECF No. 9), showing that the government had served Respondent with a copy of the Petition to Enforce the IRS Summons and a copy of the Court's order to show cause on March 26, 2020. When the Respondent failed to plead or defend against the Petition, the United States moved for the entry of a default under Rule 55(a) on July 24, 2020.   The same day, the Clerk of Court entered a default against Respondent (ECF No. 15).

On July 28, 2020, the Court granted the government's motion for default judgment.  As part of its judgment, the Court ordered the Respondent to "give testimony and produce for examination all books, records, papers, and other data described in the administrative summons, a

copy of which has been filed at ECF No. 1-3 and is incorporated by reference, within 45 days of the entry of this Order, and shall make all necessary arrangements for compliance by contacting Sandra Johnson, a revenue officer of the Internal Revenue Service, at 22 N. Front Street, Suite 421, Memphis, Tennessee 38103, (901) 292-1511." *See* Order Granting Mot. for Default J. 3, July 28, 2020 (ECF No. 18).   The Court cautioned Respondent that "any failure to obey this order may subject Respondent to the contempt powers of this Court. *See* 26 U.S.C. § 7604(b); *United States v. Rylander*, 460 U.S. 752 (1983); *United States v. Riewe*, 676 F.2d 421 (10th Cir. 1982). If Respondent still refuses to comply, contempt proceedings with the possibility of imprisonment conditioned upon compliance are warranted."   *Id*.

On September 14, 2020, the government filed a motion for contempt (ECF No. 20), reporting to the Court that Respondent had failed to comply with the Court's previous order.   The United States sought sanctions to compel Respondent's compliance with the order.   On September 18, 2020, the Court set a show cause hearing and an entered a written show cause order (ECF No. 21), directing Respondent to show cause as to why the Court should not hold him in contempt.    The Court's written order specifically cautioned Respondent that his "failure to appear for the show cause hearing may result in sanctions against him."   Order to Show Cause, Sept. 18, 2020 (ECF No. 21).

At the October 2, 2020, show cause hearing, the parties appeared and reported to the Court that the government was willing to give Respondent two weeks more to comply with the summons and the previous orders of the Court.   The Court granted the United States' request and directed the government to file a status report in two weeks.   The government did so and in an October 16, 2020 status update (ECF No. 26) indicated that Respondent had still not complied.   Based on

the government's report, the Court entered another show cause order, directing Respondent to show cause as to why the Court should not hold him in contempt and again cautioned him that his failure to do so might result in sanctions. Order to Show Cause, Oct. 19, 2020 (ECF No. 27).

The Court set a show cause hearing for December 3, 2020. Respondent appeared for the hearing by telephone and reported that he was awaiting the results of a medical test to determine whether he was infected with the coronavirus that causes COVID-19. The Court reset the hearing for December 7, 2020, and ordered that in the event the Respondent tested positive, he should present the Assistant United States Attorney with verifiable proof of his positive result before the Court would continue the hearing further.

On December 7, 2020, the Court held the most recent show cause hearing. The parties appeared before the Court in person. The government began by stating that Respondent has still not produced the documentary evidence sought in the IRS summons. The government requested then that the Court find Respondent in contempt and consider taking him into custody or assessing a daily monetary fine. Respondent, who is acting *pro se*, stated that he had retained a representative to assist him and that he believed his representative had produced all of the documents to the revenue officer. When the Court questioned him about the scope and duration of this representation, Respondent advised that the representation ended two weeks ago. Respondent had no explanation for why he believed his representative had satisfied his obligation to comply with the IRS summons and the previous court ordered, even after the government had continued to seek a contempt finding against him. Respondent stated to the Court that he could produce the documents to the revenue officer within the next 24 hours.

Consistent with the Court's rulings from the bench, Respondent Nickolas Duncan has until

3:00 p.m., Tuesday, December 8, 2020, to comply fully with the IRS summons. The United States is directed to file a notice with the Court to report any failure on Respondent's part to comply. Should Respondent fail to comply in any way, the Court will issue an order finding Respondent in contempt of court and directing that Respondent be taken into the custody of the United States Marshal to punish his contempt. Respondent will have the opportunity to turn himself in to the Marshall upon the entry of such an order.

    **IT IS SO ORDERED**.

                                          **s/ S. Thomas Anderson**
                                          S. THOMAS ANDERSON
                                          CHIEF UNITED STATES DISTRICT JUDGE

                                          Date: December 7, 2020