# UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Civil No. 1:19-cv-01293-STA-jay |
| ) | |
| NICKOLAS DUNCAN, ) | |
| ) | |
| Respondent. ) | |

___

# ORDER OF CONTEMPT
___

On December 18, 2019, the United States of America filed a Petition to Enforce Internal Revenue Service Summons against respondent Nickolas Duncan (ECF No. 1). On January 2, 2020, the Court ordered Respondent to show cause as to why the Court should not grant the government's petition and set a show cause hearing for February 21, 2020 (ECF No. 5). The Court subsequently granted the government's motion to continue the hearing and reset it for May 19, 2020 (ECF No. 7). On April 7, 2020, the United States filed proof of service (ECF No. 9), showing that the government had served Respondent with a copy of the Petition to Enforce the IRS Summons and a copy of the Court's order to show cause on March 26, 2020. When the Respondent failed to plead or defend against the Petition, the United States moved for entry of default under Rule 55(a) on July 24, 2020. The same day, the Clerk of Court entered a default against Respondent (ECF No. 15).

On July 28, 2020, the Court granted the government's motion for default judgment. As part of its judgment, the Court ordered the Respondent to "give testimony and produce for examination all books, records, papers, and other data described in the administrative summons, a

copy of which has been filed at ECF No. 1-3 and is incorporated by reference, within 45 days of the entry of this Order, and shall make all necessary arrangements for compliance by contacting Sandra Johnson, a revenue officer of the Internal Revenue Service, at 22 N. Front Street, Suite 421, Memphis, Tennessee 38103, (901) 292-1511." *See* Order Granting Mot. for Default J. 3, July 28, 2020 (ECF No. 18). The Court cautioned Respondent that "any failure to obey this order may subject Respondent to the contempt powers of this Court. *See* 26 U.S.C. § 7604(b); *United States v. Rylander*, 460 U.S. 752 (1983); *United States v. Riewe*, 676 F.2d 421 (10th Cir. 1982). If Respondent still refuses to comply, contempt proceedings with the possibility of imprisonment conditioned upon compliance are warranted." *Id*.

On September 14, 2020, the government filed a motion for contempt (ECF No. 20), reporting to the Court that Respondent had failed to comply with the Court's previous order. The United States sought sanctions to compel Respondent's compliance with the order. On September 18, 2020, the Court set a show cause hearing and entered a written show cause order (ECF No. 21), directing Respondent to show cause as to why the Court should not hold him in contempt. The Court's written order specifically cautioned Respondent that his "failure to appear for the show cause hearing may result in sanctions against him." Order to Show Cause, Sept. 18, 2020 (ECF No. 21).

At the October 2, 2020, show cause hearing, the parties appeared and reported to the Court that the government was willing to give Respondent two weeks more to comply with the summons and the previous orders of the Court. The Court granted the United States' request and directed the government to file a status report in two weeks. The government did so and in an October 16, 2020 status update (ECF No. 26) indicated that Respondent had still not complied. Based on

the government's report, the Court entered another show cause order, directing Respondent to show cause as to why the Court should not hold him in contempt and again cautioned him that his failure to do so might result in sanctions. Order to Show Cause, Oct. 19, 2020 (ECF No. 27).

The Court set a show cause hearing for December 3, 2020. Respondent appeared for the hearing by telephone and reported that he was awaiting the results of a medical test to determine whether he was infected with the coronavirus that causes COVID-19. The Court reset the hearing for December 7, 2020, and ordered that in the event the Respondent tested positive, he should present the Assistant United States Attorney with verifiable proof of his positive result before the Court would continue the hearing further.

On December 7, 2020, the Court held the most recent show cause hearing. The parties appeared before the Court in person. The government began by stating that Respondent had still not produced the documentary evidence sought in the IRS summons. The government requested then that the Court find Respondent in contempt and consider taking him into custody or assessing a daily monetary fine. Respondent, who is acting *pro se*, stated that he had previously retained a representative to assist him and that he believed his representative had produced all of the documents to the revenue officer. When the Court questioned him about the scope and duration of this representation, Respondent advised that the representation ended two weeks ago. Respondent had no explanation for why he believed his representative had satisfied his obligation to comply with the IRS summons and the previous court orders, even as the government had continued to seek a contempt finding against him. Respondent stated to the Court that he could produce the documents to the revenue officer within the next 24 hours. The Court gave Respondent until 3:00 p.m., Tuesday, December 8, 2020, to comply fully with the IRS summons

3

and directed the government to file a notice with the Court to report any failure on Respondent's part to comply. The Court cautioned Respondent that should he fail to comply in any way, the Court would issue an order finding Respondent in contempt of court and directing that Respondent be taken into the custody of the United States Marshal as a sanction. The United States has since reported to the Court that Respondent did not fully comply by the deadline set by the Court.

## ANALYSIS

"Federal courts have broad contempt power, which exists for the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders, and writs of the courts." *Brown v. City of Upper Arlington*, 637 F.3d 668, 671 (6th Cir. 2011) (quoting *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987)). Contempt of court is a "weapon" in a court's "arsenal" to ensure compliance with an order or judgment of the court. *Elec. Workers Pension Tr. Fund of Local Union |58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378-79 (6th Cir. 2003). The Supreme Court has described the power "to punish for contempts" as "a necessary and integral part of the independence of the judiciary" and "absolutely essential to the performance of the duties imposed on them by law." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911).

Contempt proceedings can be either civil in nature or criminal. Civil contempt has as its purpose compelling a party to do "what a court had previously ordered him to do." *Turner v. Rogers*, 564 U.S. 431, 441 (2011) (quoting *Gompers*, 221 U.S. at 442). Criminal contempt is penal in nature and authorizes a court to impose fines and imprisonment for "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). In other words, "a contempt sanction is considered civil if it is remedial, and for the benefit of the complainant"

4

and criminal if it is "punitive, to vindicate the authority of the court." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827-28 (1994).

The Court finds Respondent Nickolas Duncan in contempt of the Court's orders enforcing a valid IRS summons. The Court entered a default judgment against Respondent, giving him 45 days from July 28, 2020, in which to comply with the IRS summons. *See* Order Granting Mot. for Default J. 3, July 28, 2020 (ECF No. 18). The Court also warned Respondent about the consequences of any failure to comply, i.e. a finding of contempt and the possibility of incarceration. The government filed proof of service showing that it had served Respondent with a copy of the Court's order. Respondent had until September 14, 2020, to comply with the Court's order but failed to do so.

In the nearly three months that have passed since then, Respondent has at all times been aware of his obligations to respond to the IRS summons. Respondent has twice appeared before the Court for show cause hearings and received extensions of time to work with the government. The Court, with the agreement of the government, has given Respondent every opportunity to follow the Court's orders, only to see Respondent disregard them again and again. The Court has repeatedly warned Respondent of the consequences of this course of action, as recently as this week, directly explaining to Respondent that his failure to act would assuredly result in his incarceration. Respondent acknowledged his awareness of his duty to comply at the December 7, 2020 show cause hearing. Respondent advised the Court that he was willing and able to comply within 24 hours. The Court gave him slightly more time. However, the United States now reports that Respondent has still not heeded the Court's warnings and produced the documents sought by the IRS summons. Under all of the circumstances, it is clear to the Court that

5

Respondent knew about the Court's previous orders, has consistently disobeyed them, and done so with intentional disregard for the Court's orders and prior warnings about the consequences of his actions. For all of these reasons, the Court finds Respondent in contempt.

In light of Respondent's contempt of the Court's orders and the protracted nature of his course of action, the Court finds that incarceration is an adequate and necessary sanction of civil contempt. Consistent with the Court's instructions at the show cause hearing, the Court will first give Respondent an opportunity to surrender to the U.S. Marshal. Respondent has until 4:00 p.m., Friday, December 11, 2020, to surrender to the custody of the Marshal at the U.S. Courthouse, 111 South Highland Avenue, Jackson, Tennessee. In the event Respondent fails to surrender by that deadline, the Court will direct the Clerk of Court to issue a warrant for Respondent's arrest and deliver the warrant to the Marshal.

Respondent shall remain coercively incarcerated until he has purged himself of civil contempt by complying with the IRS summons. *See Gompers*, 221 U.S. at 442 (explaining that an imprisoned civil contemnor "carries the keys of his prison in his own pocket"). As soon as Respondent has fully complied, the United States should immediately notify the Court.

The Clerk of Court is directed to send Respondent a copy of this order by means of overnight mail, FedEx Priority Overnight, at his home address: 1845 Barriertown Drive, Savannah, Tennessee 38372. The Marshal is also directed to serve Respondent with a copy of the order.

**IT IS SO ORDERED**.

                                         **s/ S. Thomas Anderson**
                                         S. THOMAS ANDERSON
                                         CHIEF UNITED STATES DISTRICT JUDGE

Date: December 9, 2020